# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| CARROLL RAY FENDER, | : | |
| Plaintiff | : | |
| VS. | : | |
| Lieutenant LARRY BYRD and COLQUITT CO. SHERIFF'S OFFICE/ JAIL, | : | NO. 7:10-cv-100 (HL) |
| Defendants | : | **O R D E R** |

On September 9, 2010, plaintiff **CARROLL RAY FENDER** filed this 42 U.S.C. § 1983 action alleging, among other things, that defendant Lieutenant Larry Byrd failed to protect plaintiff from assault by other inmates while plaintiff's arm was in a sling. In an order dated September 15, 2010, Magistrate Judge Thomas Q. Langstaff noted that plaintiff's complaint lacked any allegations concerning whether plaintiff had exhausted his administrative remedies, and therefore directed plaintiff to provide proof that he had in fact exhausted his remedies in accordance with 42 U.S.C. § 1997e(a). In compliance with Magistrate Judge Langstaff's order, plaintiff submitted a copy of his grievance form dated September 27, 2010.

In general, inmates are required to exhaust available administrative remedies before they can file suit in federal court. Section 1997e(a) of the Prison Litigation Reform Act provides that:

> *No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until* such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (Emphasis added).

1

Under the plain language of section 1997e(a), a prisoner must exhaust <u>before</u> he files a section 1983 lawsuit in this Court. It is irrelevant that plaintiff has now exhausted his available remedies. ***See Perez v. Wisconsin Dept. of Corrections***, 182 F.3d 532, 535 (7th Cir. 1999) (district courts may not waive exhaustion requirement, even if a prisoner exhausts his remedies shortly after filing his lawsuit).

Because it is clear from the face of the complaint that plaintiff did not exhaust his administrative remedies prior to initiating this lawsuit, he fails to state a claim upon which relief can be granted. Based on the foregoing, plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE**, pursuant to section 1997e, for failure to exhaust administrative remedies.[1] Plaintiff may file another complaint now that he has exhausted administrative remedies.

**SO ORDERED**, this 21st day of October, 2010.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

---

[1] In ***Jones v Bock***, 127 S. Ct. 910, 921 (2007), the Supreme Court held that under the PLRA, exhaustion of administrative remedies is an affirmative defense to be raised by the defendants. If the complaint, on its face, however, indicates that a prisoner's claims are barred by an affirmative defense, the complaint may be dismissed for failure to state a claim upon which relief can be granted. ***Clark v. Georgia Bd. of Pardons and Paroles***, 915 F.2d 636, 640-41 (11th Cir. 1990); *see also **Anderson v. Donald***, 2008 WL 73672 (11th Cir. Jan. 8) (affirming district court's *sua sponte* dismissal of prisoner's section 1983 complaint for failure to comply with the PLRA's mandatory exhaustion requirement), ***cert. denied***, 2008 WL 552935 (Mar. 3, 2008).